E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KELLY LAROCQUE (Cal. Bar No. 337912)
THOMAS MAGAÑA (Cal. Bar No. 324542)
Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3308
      Facsimile: (213) 894-0141
      E-mail:    kelly.larocque@usdoj.gov
                 thomas.magana@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-00382(A)-FLA-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DAVID CRUZ HERNANDEZ |
| v. | |
| JUAN CARLOS CRUZ RAMOS, aka "Ivan Cortes Ramirez," aka "Cornelio Ortiz Ramos," DAVID CRUZ HERNANDEZ, and BERTA MONTANO JIMENEZ | |
| Defendants. | |

     1.   This constitutes the plea agreement between DAVID CRUZ

HERNANDEZ ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts One and Seven of the First Superseding Indictment in <u>United States v. Juan Carlos Cruz Ramos, et al.</u>, CR No. 2:23-00382(A)-FLA, which charge defendant with conspiracy to engage in the business of dealing in firearms without a license and to deliver firearms to a carrier without written notice in violation of Title 18, United States Code, Section 371 (Count One), and with unlawful shipment of firearms by an alien in violation of Title 18, United States Code, Section 922(g)(5) (Count Seven).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following condition of probation or supervised release:

1     i. The defendant shall submit defendant's person and

2 any property under defendant's control, including any residence,

3 vehicle, papers, computer and other electronic communication or data

4 storage devices and media, and effects, to suspicion-less search and

5 seizure at any time of the day or night by any law enforcement or

6 probation officer, with or without a warrant, and with or without

7 cause; and if stopped or questioned by a law enforcement officer for

8 any reason, defendant shall notify that officer that defendant is on

9 federal supervised release and subject to search.

10  3. Defendant further agrees:

11   a. To forfeit all right, title, and interest in and to

12 any and all monies, properties, and/or assets of any kind, derived

13 from or acquired as a result of, or used to facilitate the commission

14 of, or involved in the illegal activity to which defendant is

15 pleading guilty, specifically including, but not limited to, the

16 following (collectively, the "Forfeitable Property":

17     i. A Hi-Point Rifle Model 995 bearing serial number

18      F193842;

19    ii. One Hi-Point rifle magazine;

20    iii. One nine-millimeter magazine;

21    iv. Ten rounds of nine-millimeter ammunition;

22    v. Five AR-15 magazines.

23   b. To the Court's entry of an order of forfeiture at or

24 before sentencing with respect to the Forfeitable Property and to the

25 forfeiture of the Property.

26   c. That the Preliminary Order of Forfeiture shall become

27 final as to the defendant upon entry.

28

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements

4

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the underlying Indictment and remaining counts of the First Superseding Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to

1  and including the time of sentencing, recommend a two-level reduction

2  in the applicable Sentencing Guidelines offense level, pursuant to

3  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

4  additional one-level reduction if available under that section.

5        e.  Recommend that defendant be sentenced to a term of

6  imprisonment no higher than the low end of the applicable Sentencing

7  Guidelines range provided that the offense level used by the Court to

8  determine that range is 30 or higher and provided that the Court does

9  not depart downward in offense level or criminal history category.

10  For purposes of this agreement, the low end of the Sentencing

11  Guidelines range is that defined by the Sentencing Table in U.S.S.G.

12  Chapter 5, Part A.

13  <u>NATURE OF THE OFFENSES</u>

14      5.  Defendant understands that for defendant to be guilty of

15  the crime charged in Count One, that is, conspiracy to engage in the

16  business of dealing in firearms without a license and to deliver

17  firearms to a carrier without written notice, in violation of Title

18  18, United States Code, Section 371, the following must be true:

19  (i) beginning no later than on or about March 2022, and ending on or

20  about July 20, 2023, there was an agreement between two or more

21  persons to engage in the business of dealing in firearms without a

22  license in violation of Title 18, United States Code, Section

23  922(a)(1)(A), or to deliver firearms to a carrier without written

24  notice in violation of Title 18, United States Code, Section 922(e) ;

25  (ii) defendant became a member of the conspiracy knowing of at least

26  one of its objects and intending to help accomplish it; and (iii) one

27  of the members of the conspiracy performed at least one overt act for

28  the purpose of carrying out the conspiracy.

6.   Defendant understands that for a person to be found guilty of engaging in the business of dealing firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A), which is an object of the conspiracy charged in Count One, the following must be true: (i) the person was willfully engaged in the business of dealing in firearms within the dates specified in the first superseding indictment; and (ii) the person did not then have a license as a firearms dealer.  To act "willfully," a person must know that his or her conduct was unlawful, but need not know of the federal licensing requirement.

7.   Defendant understands that for a person to be found guilty of delivering firearms to a carrier without written notice, in violation of Title 18, United States Code, Section 922(e), which is an object of the conspiracy charged in Count One, the following must be true: (i) the person knowingly delivered to a carrier a package or other container in which there was a firearm or ammunition; (ii) the package or container was to be shipped or transported from one state to another, or between a foreign nation and the United States; (iii) the package or container was to be shipped or transported to a person who was not licensed as a firearms dealer, manufacturer, importer, or collector; and (iv) the person delivering the package or container did not give written notice to the carrier that there was a firearm or ammunition in the package or container.

8.   Defendant understands that for defendant to be guilty of the crime charged in Count Seven, that is, unlawful shipment of firearms by an alien, in violation of Title 18, United States Code, Section 922(g)(5), the following must be true: (i) defendant knowingly shipped a firearm between the United States and a foreign

nation; (ii) at the time of shipment, defendant was an alien
illegally or unlawfully in the United States; and (iii) at the time
defendant shipped the firearm between the United States and a foreign
nation, defendant knew he was an alien illegally or unlawfully in the
United States.

<u>PENALTIES</u>

9.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 371, is: five years' imprisonment; a three-year period
of supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

10.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 922(g)(5), is: fifteen years' imprisonment; a three-
year period of supervised release; a fine of $250,000 or twice the
gross gain or gross loss resulting from the offense, whichever is
greatest; and a mandatory special assessment of $100.

11.   Defendant understands, therefore, that the total maximum
sentence for all offenses to which defendant is pleading guilty is:
20 years' imprisonment; a three-year period of supervised release; a
fine of $500,000 or twice the gross gain or gross loss resulting from
the offenses, whichever is greatest; and a mandatory special
assessment of $200.

12.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and

immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than on or about March 2022, and continuing until on or about July 20, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant agreed with two or more people, including the co-defendants named in Count One of the First Superseding Indictment, to engage in the business of dealing in firearms without a license, and to deliver firearms to a carrier without written notice.  Defendant became a member of the conspiracy knowing that its purpose was to engage in the business of dealing in firearms without a license, and to deliver firearms to a carrier without written notice, and intending to help accomplish these purposes.

In furtherance of the conspiracy, between about March 2022 and July 20, 2023, defendant, together with his co-conspirators, each aiding and abetting one another, willfully engaged in the business of dealing in firearms. At all relevant times during the conspiracy: (1) neither defendant nor any of his co-conspirators had a license to import, manufacture, deal, or sell firearms; and (2) defendant knew that his conduct of dealing and selling firearms without a license was unlawful. In particular, on at least four separate occasions during this time period, defendant and his co-conspirators assembled AR-15-style firearms, concealed the firearms in packages for shipment, brought the packages to freight forwarding companies in Los Angeles County, and elsewhere, and shipped the firearms packages to buyers in Mexico, with whom defendant and his co-conspirators had negotiated the sale of these firearms in exchange for payments sent through Moneygram, Western Union, and other wires. None of the customers in Mexico were licensed as a firearms dealer, manufacturer, importer, or collector. For each firearms shipment, defendant and his co-conspirators knew the packages contained firearms, but did not provide written notice to the freight forwarding companies that the packages contained firearms. In total, defendant and his co-conspirators unlawfully distributed more than 200 firearms to buyers in Mexico.

For instance, to carry out the conspiracy, on or about April 5, 2023, in Los Angeles County, defendant delivered four packages that concealed approximately 20 privately manufactured AR-15-style rifles to a freight forwarding company in Canoga Park, California, and paid to ship them to a buyer located in Oaxaca, Mexico. The packages were intercepted in Laredo, Texas. Defendant shipped these firearms

knowing that he was then an alien illegally and unlawfully present in the United States, and in fact, had been removed from the United States in 2008.

SENTENCING FACTORS

16.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B) |
|---|---|---|
| 200+ firearms: | +10 | U.S.S.G. § 2K2.1(b)(1)(E) |
| Cumulative offense: | -1 | U.S.S.G. § 2K2.1(b) |
| Outside U.S.: | +4 | U.S.S.G. § 2K2.1(b)(6)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history.  Defendant

understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

21.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

22.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 30 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law,

1   the constitutionality or legality of defendant's sentence, provided

2   it is within the statutory maximum; (e) the term of probation or

3   supervised release imposed by the Court, provided it is within the

4   statutory maximum; and (f) any of the following conditions of

5   probation or supervised release imposed by the Court: the conditions

6   set forth in Second Amended General Order 20-04 of this Court; the

7   drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

8   3583(d); the alcohol and drug use conditions authorized by 18 U.S.C.

9   § 3563(b)(7); and any conditions of probation or supervised release

10  agreed to by defendant in paragraph 2 above.

11      23.  The USAO agrees that, provided (a) all portions of the

12  sentence are at or below the statutory maximum specified above and

13  (b) the Court imposes a term of imprisonment within or above the

14  range corresponding to an offense level of 30 and the criminal

15  history category calculated by the Court, the USAO gives up its right

16  to appeal any portion of the sentence.

17                   <u>WAIVER OF COLLATERAL ATTACK</u>

18      24.  Defendant also gives up any right to bring a post-

19  conviction collateral attack on the convictions or sentence, except a

20  post-conviction collateral attack based on a claim of ineffective

21  assistance of counsel, a claim of newly discovered evidence, or an

22  explicitly retroactive change in the applicable Sentencing

23  Guidelines, sentencing statutes, or statutes of conviction.

24  Defendant understands that this waiver includes, but is not limited

25  to, arguments that the statutes to which defendant is pleading guilty

26  are unconstitutional, and any and all claims that the statement of

27  facts provided herein is insufficient to support defendant's pleas of

28  guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, any enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.

Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

28.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

30.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____          _____
KELLY LAROCQUE                                       Date
Assistant United States Attorney


_____          _____
DAVID CRUZ HERNANDEZ                                Date
Defendant


_____          _____
RUBEN MUÑOZ                                          Date
Attorney for Defendant
DAVID CRUZ HERNANDEZ

1 CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  This agreement has
3 been read to me in Spanish, the language I understand best.  I have
4 had enough time to review and consider this agreement, and I have
5 carefully and thoroughly discussed every part of it with my attorney.
6 I understand the terms of this agreement, and I voluntarily agree to
7 those terms.  I have discussed the evidence with my attorney, and my
8 attorney has advised me of my rights, of possible pretrial motions
9 that might be filed, of possible defenses that might be asserted
10 either prior to or at trial, of the sentencing factors set forth in
11 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,
12 and of the consequences of entering into this agreement.  No
13 promises, inducements, or representations of any kind have been made
14 to me other than those contained in this agreement.  No one has
15 threatened or forced me in any way to enter into this agreement.  I
16 am satisfied with the representation of my attorney in this matter,
17 and I am pleading guilty because I am guilty of the charges and wish
18 to take advantage of the promises set forth in this agreement, and
19 not for any other reason.

20

21 DAVID CRUZ HERNANDEZ                    Date  04/06/2024
   Defendant

22

23

24

25

26

27

28

21

1          CERTIFICATION OF INTERPRETER

2     I, Ruben Minor, am fluent in the written and spoken English

3  and Spanish languages.  I accurately translated this entire agreement

4  from English into Spanish to defendant DAVID CRUZ HERNANDEZ on this

5  date.

6

7  INTERPRETER                              Date  04/06/2024

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DAVID CRUZ HERNANDEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          04/06/2024
RUBEN MUÑOZ                               Date
Attorney for Defendant
DAVID CRUZ HERNANDEZ