E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010
     Facsimile: (213) 894-0141
     E-mail:    alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00382-FLA-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DAVID CRUZ HERNANDEZ |
| v. | Hearing Date: September 6, 2024 |
| JUAN CARLOS CRUZ RAMOS, et al., | Hearing Time: 11:00 a.m. |
| Defendants. | Location:    Courtroom of the Hon. Fernando L. Aenlle-Rocha |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexandra Sloan Kelly, hereby files its Sentencing Position for defendant DAVID CRUZ HERNANDEZ.

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

The government respectfully requests the opportunity to supplement its position or respond to any positions asserted by the

defense or the United States Probation and Pretrial Services Office as may become necessary.

Dated: August 23, 2024                    Respectfully submitted,

                                          E. MARTIN ESTRADA
                                          United States Attorney

                                          MACK E. JENKINS
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          /s/ Alexandra Sloan Kelly
                                          ALEXANDRA SLOAN KELLY
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

1       <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.     INTRODUCTION**

3          On at least four separate occasions, defendant and his co-

4  conspirators assembled and shipped over 200 firearms, including AR-

5  15-style firearms, to buyers in Mexico.  During the time he engaged

6  in this conduct, defendant did not have a license to manufacture or

7  sell firearms, and he did not have legal status in the United States.

8  For his conduct, the government charged defendant in the First

9  Superseding Indictment with conspiracy to engage in the business of

10  dealing in and manufacturing firearms without a license, in violation

11  of 18 U.S.C. § 371 (count one); engaging in the business of dealing

12  in and manufacturing firearms without a license, in violation of 18

13  U.S.C. 922(a)(1)(A) (count two); delivering firearms to a carrier

14  without written notice, in violation of 18 U.S.C. 922(e) (counts

15  three through six); and shipping firearms as an alien illegally and

16  unlawfully in the United States, in violation of 18 U.S.C. 922(g)(5)

17  (count seven).  (Dkt. 81.)  Defendant pled guilty to counts one and

18  seven on May 3, 2024.  (Dkt. 116.)

19          On August 2, 2024, the United States Probation and Pretrial

20  Services Office ("Probation") filed a Presentence Investigation

21  Report.  (Dkt. 126 ("PSR").)  The PSR calculates a total offense

22  level of 30 and a criminal history category of I, resulting in a

23  Sentencing Guidelines range of 97 to 121 months' imprisonment.  (PSR

24  ¶ 103.)

25          The government agrees with Probation's calculation of the

26  applicable Guidelines range and recommends a low-end sentence of 97

27  months of imprisonment, a three-year period of supervised release, a

28  special assessment of $100, and no fine.  The government submits that

1  such a sentence is sufficient, but not greater than necessary, to

2  achieve the purposes set forth in 18 U.S.C. § 3553(a).

3  **II.  OFFENSE CONDUCT[1]**

4       Between March 2022 and July 2023, defendant and his co-

5  conspirators engaged in the business of dealing in firearms without a

6  license, and delivered firearms to a carrier without written notice.

7  Among the 200 firearms defendant and his co-conspirators distributed

8  to buyers in Mexico were AR-style and AK-47-style firearms that were

9  capable of accepting 30-round and 40-round capacity magazines.  (PSR

10 ¶ 37.)  At the time defendant assembled, packaged, and sold the

11 firearms, he did not have a license to import, manufacture, deal, or

12 sell firearms.  He knew his conduct was unlawful.  And he knew that

13 he was an alien illegally and unlawfully present in the United

14 States, and in fact, had been removed from the United States in 2008.

15      Specifically, at least four times, defendant and his co-

16 conspirators assembled AR-15-style firearms, concealed the firearms

17 in packages for shipments, brought the packages to freight forwarding

18 companies in Los Angeles County, and elsewhere, and shipped the

19 firearms packages to buyers in Mexico.  For each firearms shipment,

20 defendant and his co-conspirators knew the packages contained

21 firearms, but did not provide written notice of that fact to the

22 freight forwarding companies.  Defendant and his co-conspirators

23 negotiated the sale of these firearms in exchange for payments.  In

24 total, they unlawfully distributed more than 200 firearms to buyers

25 in Mexico.

26

27

28       [1] Unless stated otherwise, all facts are based on paragraph 15
of the First Amended Plea Agreement (see Dkt. 113).

2

III. **SENTENCING GUIDELINES**

    A.    **Offense Level**

    In the PSR, Probation submitted the following Sentencing Guidelines calculations:

| Engaging in the Business of Dealing in Firearms without a License | |
|---|---|
| Base Offense Level:<br>[U.S.S.G. § 2K2.1(a)(4)(B)] | 20 |
| 200 Or More Firearms:<br>[U.S.S.G. § 2K2.1(b)(1)(E)]<br>Cumulative Offenses<br>[U.S.S.G. § 2K2.1(b)] | +9 |
| Outside U.S.<br>[U.S.S.G. § 2K2.1(b)(6)(A)] | +4 |
| Acceptance of Responsibility<br>[U.S.S.G. § 3E1.1] | -3 |
| **Total Offense Level** | 30 |

(PSR ¶¶ 37-54.)  Initially, the government notes that in the plea agreement, the parties stipulated to the base offense level of 20, the +10 enhancement for 200 or more firearms, the -1 for cumulative offenses, and the +4 for transfer of firearms outside of the United States.[2]

    The government agrees with Probation's calculation of the total offense level.  First, the base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B) is correct.  The government agrees with Probation

---

    [2] In the plea agreement, both defendant and the government reserved the right to argue for additional specific offense characteristics, adjustments, and departures.  (Dkt. 113 ¶ 17.)

that defendant shipped firearms such as AR-15-style and AK-47-style firearms that were capable of accepting large capacity magazines, defined, in U.S.S.G. § 2K2.1 Application Note 2, as magazines that could accept more than 15 rounds of ammunition. (Id. ¶¶ 36-37.)  In addition, defendant is a prohibited person because he is illegally in the United States. (Id. ¶ 37.)

Second, the government agrees with Probation that defendant receives a nine-level increase under U.S.S.G. § 2K2.1(b)(1)(E) because he distributed more than 200 firearms, and because the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed 29. (Id. ¶¶ 38-39.)

Third, the government agrees with Probation that defendant receives a four-level increase under U.S.S.G. § 2K2.1(b)(6)(A) because he shipped firearms to Mexico. (Id. ¶¶ 40-41.)

Finally, the government agrees with Probation that a three-level reduction under U.S.S.G. § 3E1.1(b) is warranted, as defendant timely agreed to enter a plea of guilty as to count one of the indictment. (Id. ¶¶ 51-52).  Thus, the government calculates a total offense level of **30**.

### B.    Criminal History Category

The government agrees with the PSR's calculation of defendant's criminal history category as I, based on zero criminal history points. (Id. ¶¶ 56-63.)

### C.    Sentencing Guidelines Range

Based on the total offense level of 30 and a criminal history category of I, the Sentencing Guidelines range is 97 to 121 months' imprisonment. (Id. ¶ 103.)

**IV.    THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court (i) adopt Probation's factual findings, (ii) adopt Probation's Guidelines calculations, and (iii) sentence defendant to 97 months' imprisonment, three years of supervised release, and a $100 special assessment.  Such a sentence would be sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

Defendant's conduct was serious.  He and his co-conspirators built and shipped a large number of firearms -- at least 200 -- to Mexico.  At least some of these firearms were especially dangerous in that they were capable of accepting large capacity magazines. Defendant profited from manufacturing and distributing these firearms, and personally was involved in negotiating the sales. Finally, he distributed these dangerous weapons despite knowing that his conduct was unlawful and despite knowing that he had no legal status in the United States.

The Court also must consider any mitigating factors that exist in defendant's personal history and characteristics.  See 18 U.S.C. § 3553(a)(1).  Here, the government acknowledges that mitigating factors exist in defendant's personal history and characteristics, including that defendant experienced poverty and had to work when he was still a child in order to support his family.  (PSR ¶¶ 69-74.) In addition, defendant's siblings, and especially, his mother, have been a consistent and positive source of support throughout his life. (Id. ¶¶ 66. 68.)  Further, defendant has maintained a 17-year marriage with his wife, with whom he shares three minor children, including a 10-month old baby, and with whom he speaks twice daily.

1    (Id. ¶¶ 75-76.)   Defendant potentially presents a lower risk of

2    recidivism because he has maintained employment since he was twelve

3    years old and appears to have numerous skills related to

4    construction, roofing, and agriculture.   (Id. ¶ 90.)   Additionally,

5    defendant has no criminal history.   (Id. ¶¶ 56-63.)

6         Last, under the totality of circumstances, the government's

7    recommendation promotes respect for the law, deters defendant

8    specifically and others generally, and protects the public.   See 18

9    U.S.C. §§ 3553(a)(2)(A)-(C).   Accordingly, balancing the aggravating

10   and mitigating factors, the totality of circumstances support

11   imposing a low-end sentence of 97 months' imprisonment.

12        The Court should impose a three-year term of supervised release

13   in light of the seriousness of the offense and the possible need for

14   substance abuse and mental health treatment.   These factors, combined

15   with the additional considerations noted above, make clear that a

16   three-year period of supervision is necessary to provide the

17   defendant with oversight, supervision, and support as he transitions

18   back into the community after his period of incarceration.   See

19   United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended

20   supervised release to assist individuals in their transition to

21   community life."); S. Rep. No. 98-225, at 124 (1983) (describing the

22   "primary goal" of supervised release as providing "rehabilitation").

23   **V.   CONCLUSION**

24        For the foregoing reasons, the Court should impose a low-end

25   sentence of 97 months' imprisonment, three years' supervised release,

26   and a $100 special assessment.

27

28